IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SONYA BARGE, and | ) | |
| W. SOLOMON BARGE, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. _____ |
| | ) | |
| DITECH FINANCIAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF GEORGIA,
ATLANTA DIVISION

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Ditech Financial LLC

("Ditech"), without waiving its affirmative defenses, removes this action from the

Superior Court of Clayton County, Georgia, to the United States District Court for

the Northern District of Georgia, Atlanta Division.  Removal is appropriate

because (1) Plaintiffs are citizens of Georgia; (2) Ditech is not a citizen of Georgia;

and (3) the amount in controversy exceeds $75,000.00.  Accordingly, Ditech

hereby removes this action to this Court and in support states as follows:

## I.    BACKGROUND

1.    On or about February 2, 2017, Plaintiffs Sonya Barge and W.

Solomon Barge, Jr. ("Plaintiffs") filed a "Verified Complaint to Stay Foreclosure

Sale, Injunctive Relief, Punitive Damages, Jury Demand" (the "Complaint" or "Compl.") against Ditech in the Superior Court of Clayton County, Georgia, Case No. 2017CV00451-10 (the "Action"). True and correct copies of all process, pleadings, and orders on file in the Action are attached hereto as **Exhibit A**.

2.      The Complaint concerns a mortgage loan (the "Loan") for real property located at 2827 Appaloosa Run, Ellenwood, Georgia 30294 (the "Property"). Ex. A., Compl. at 3.

3.      Ditech was served with process on February 3, 2017.

4.      Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

5.      Ditech denies all allegations set forth in the Complaint, denies that Plaintiffs have stated a claim for which relief may be granted, and denies that Plaintiffs are entitled to relief of any kind.

6.      Presuming, however, for jurisdictional purposes only, that Plaintiffs' claims are valid, this Court has original jurisdiction over this case because diversity jurisdiction exists.

7.      By filing this Notice of Removal, Ditech does not waive any of its denials, objections, or affirmative and other defenses.

## II.    DIVERSITY JURISDICTION EXISTS.

### A.    Complete Diversity Exists Between Plaintiffs and Ditech.

8.    "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States'" which means "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C § 1332 (a)(1)) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

9.    Upon information and belief, Plaintiffs are citizens of Georgia. *See* Ex. A., Compl. at 3–4 (showing Plaintiffs' address as the Property that is located in Ellenwood, Georgia).

10.    Ditech is a Delaware limited liability company. For diversity jurisdiction purposes, "a limited liability company, is considered to be a citizen of every state and country of which its members are citizens." *Hedge Capital Invs. Ltd. v. Sustainable Growth Group Holdings LLC*, 593 Fed. App'x 937, 940 (11th Cir. 2014).

11.    The members of Ditech are Walter Management Holding Company, LLC and Green Tree Servicing Corp.

12.    Walter Management Holding Company, LLC is a Delaware limited liability company whose sole member is Green Tree Credit Solutions, LLC, a

Delaware limited liability company. The sole member of Green Tree Credit Solutions, LLC is Walter Investment Management Corp., a publicly-traded Maryland corporation with its principal office in Florida. Thus, Walter Management Holding Company is a citizen of Delaware, Maryland, and Florida.

13. Green Tree Servicing Corp. is a Delaware corporation with its principal office located in Minnesota. "'[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *Baker v. Select Portfolio Servicing, Inc.*, 2013 U.S. Dist. LEXIS 127891, at *12–13, 2013 WL 4806907 (N.D. Ga. Sept. 6, 2013) (quoting 28 U.S.C. § 1332(c)(1)). Thus, Green Tree Servicing Corp. is a Citizen of Delaware and Minnesota.

14. Based on the foreign, Ditech is a citizen of Delaware, Maryland, Florida, and Minnesota for diversity purposes.

15. Therefore, Ditech is not a citizen of Georgia for diversity purposes.

16. Accordingly, there is complete diversity of citizenship.

**B.** **The Amount in Controversy Exceeds the Jurisdictional Amount.**

17. In addition to damages, Plaintiffs seek a "Stay [of the] Foreclosure Sale" and a "Grant [of] Injunction Relief." Ex A, Compl. at 7.

18.     Plaintiffs also "demand[] that Defendant provide evidence that Ditech Financial LLC holds enforceable security interest to collect on the debt in their own name, as the lender and Holder In Due Course." Ex. A , Compl. at 4.

19.     "[W]here a plaintiff seeks to enjoin or set aside a foreclosure sale, 'the amount in controversy [is] measured by the value of the object of the litigation, that is, the property's undisputed fair market value.'" *Fuller v. SunTrust Mortg., Inc.*, No. 1:13-cv-03924-JOF-AJB, 2014 U.S. Dist. LEXIS 109133, at *15 (N.D. Ga. May 19, 2014) (alteration in original) (quoting *Ballew v. Roundpoint Mortg. Servicing Corp.*, 491 Fed. App'x 25, 26 (11th Cir. 2012)).

20.     "In other words, 'it is the value of the property rather than the claim of the contending parties which fixes the amount in controversy for purposes of jurisdiction.'" *Id.* at 16 (quoting *Ballew*, 491 Fed. App'x at 26).

21.     Attached hereto as **Exhibit B** is a copy of the Clayton County Tax Assessor's tax card showing that the fair market value of the Property for the 2015 tax year is $108,580.00 (which is the most recent data available).

22.     Therefore, the amount in controversy is at least $108,580.00 when measured by the value of the Property. *See Fuller*, 2014 U.S. Dist. LEXIS 109133, at *16.

23.     Plaintiffs also allege that Ditech is not a holder in due course in the underlying promissory note evidencing the Loan. Ex A, Compl. at 3–6.

24. Therefore, Plaintiffs have also made Ditech's rights in the underlying promissory note the object of the litigation.

25. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961)

26. Attached hereto as **Exhibit C** is a redacted copy of correspondence, dated October 27, 2016, sent to Plaintiffs on behalf of Ditech in connection with the Loan, which shows that the balance as of that date was $130,908.14.

27. Therefore, when measured by the value of the parties' respective rights under the subject promissory note, the amount in controversy is at least $130,908.14.

28. Accordingly, the amount in controversy exceeds the jurisdictional threshold, making removal proper.

## III.   VENUE

29. Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 90(a)(2), because this district and division encompass the Superior Court of Clayton County, Georgia, the forum from which the case has been removed.

## IV.   NOTICE

30. Pursuant to 28 U.S.C. § 1446(d), a copy of Ditech's Notice of

Removal is being filed contemporaneously with the Clerk of the Superior Court of Clayton County, Georgia, a copy of which is attached hereto as **Exhibit D**.

31.    Upon information and belief, the pleadings attached hereto as **Exhibits A and D** represent all of the pleadings filed in this action in the state court.

32.    This Notice of Removal is being served on the adverse party as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Ditech Financial LLC hereby removes this action to this Court.

This 1st day of March, 2017.

*/s/ Mark J. Windham*
Mark J. Windham
Georgia Bar No. 113194

TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
Telephone:  404-885-3000
Facsimile:   404-885-3900
E-mail: mark.windham@troutmansanders.com
*Counsel for Defendant Ditech Financial LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have on this day served a true copy of the within and foregoing ***Notice of Removal*** by depositing a copy of same in the U.S. Mail, with adequate first-class postage affixed thereto, addressed as follows:

<u>**Pro Se Plaintiffs**</u>

Sonya Barge & W. Solomon Barge, Jr.
2827 Appaloosa Run
Ellenwood, GA 30264

This 1st day of March, 2017.

*/s/ Mark J. Windham*
Mark J. Windham
Georgia Bar No. 113194